## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JEFFREY BLANKINSHIP,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:12CV749** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **U.S. DEPARTMENT OF JUSTICE,** | § | |
| **AND THE FEDERAL BUREAU OF** | § | |
| **INVESTIGATION** | § | |
| **Defendants.** | § | |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Pending before the Court is Defendants' Motion to Dismiss (Dkt. 6).  As set forth below, the motion is GRANTED.

Plaintiff is a convicted felon who has brought this lawsuit for a declaratory judgment that he is not barred from firearm ownership.  In their motion to dismiss under Rule 12(b)(6), Defendants argue that Plaintiff fails to allege any factual or legal basis to challenge the FBI's conclusion that he is prohibited by statute from owning, acquiring, or purchasing a firearm due to his criminal history and that Plaintiff has attached evidence to his Complaint that defeats the allegations made therein.

Defendants' motion to dismiss was filed on June 6, 2013.  No response was timely filed. This case was then referred to the undersigned by consent of the parties on December 18, 2013.  On December 20, 2013, the Court entered an order stating that if Plaintiff failed to file a response on or before December 31, 2013, the Court would assume he was not opposed to the relief requested and

1

proceed accordingly (*see* Dkt. 12).[1]  No response was filed.

The Court now considers the arguments raised by Defendants.  Defendants argue that the documents attached to Plaintiff's complaint establish the accuracy of the records tracking his criminal history, a history which prevents him from owning a firearm.  Indeed, Defendants argue, Plaintiff's own Complaint establishes that his criminal history disqualifies him from being able to purchase, redeem, or possess a firearm.  Defendants further argue that there are no allegations in Plaintiff's complaint giving rise to a plausible claim that Plaintiff is not properly prohibited from purchasing, acquiring, or owning a firearm due to this criminal history.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007).  In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  The complaint must be factually suggestive,

---

[1]The Court notes that Plaintiff's failure to timely file a written response to the motion to dismiss was also addressed in the parties' jointly filed December 17, 2013 Rule 26(f) Report. *See* Dkt. 10 at 2.

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id*. (internal quotations omitted).

Having reviewed the motion to dismiss and finding that the arguments are well founded, and having heard no response from Plaintiff citing to any authority, arguments or facts that would show that his allegations, if true, state a claim to relief that is plausible on its face, the Court finds that the motion should be GRANTED.  The Court further assumes that, in accordance with Eastern District Local Rule CV-7(d) and the language contained in the December 20, 2013 order, Plaintiff is not opposed to dismissal of his claims for failure to state a claim.

Defendants' Motion to Dismiss (Dkt. 6) is GRANTED, and Plaintiff Jeffrey Blankinship's claims herein are dismissed with prejudice for failure to state a claim.

**SO ORDERED.**
 **SIGNED this 14th day of January, 2014.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE